**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WILLIAM CAVANESS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-081 PS |
| | ) | |
| JOHN R. VanNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

William Cavaness, a *pro se* prisoner, filed this habeas corpus petition challenging his 90

day loss of good time on June 3, 2005 by the Disciplinary Hearing Board (DHB) at the Miami

Correctional Facility.  The respondent has moved to dismiss the petition because he has not

exhausted his state administrative remedies.  Nevertheless,

> [a]n application for a writ of habeas corpus may be denied on the merits,
> notwithstanding the failure of the applicant to exhaust the remedies available in
> the [proceedings] of the State.

28 U.S.C. § 2254(b)(2).

> If it plainly appears from the petition and any attached exhibits that the petitioner
> is not entitled to relief in the district court, the judge must dismiss the petition and
> direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Mr. Cavaness was found guilty of being a habitual rule violator in violation of Code

A105 which required that he have four unrelated class A, B, or C violations within the prior six

months.  Mr. Cavaness states that when he was charged, he had five such violations in the prior

six months.  He explains that upon obtaining his fifth violation, he was also charged as a habitual

rule violator.  On appeal, he states that the fifth offense was reversed, thus leaving him with only

four prior violations in the prior six months.  Because the rule requires only four prior violations, these are sufficient evidence to support his guilt on this charge.  *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.").

Nevertheless, Mr. Cavaness goes on to argue that charging and trying him as a habitual rule violator months after his fourth offense violates prison policies.  Habeas corpus relief is only available for the violation of a federal right.  28 U.S.C. § 2254(a).  This Court cannot grant habeas corpus relief based on the violation of a prison rule, and therefore, it is not relevant whether such a rule was violated.  *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

For the foregoing reasons, the Court **DENIES** the habeas corpus petition, **DENIES AS MOOT** the motion to dismiss, and **DISCHARGES** the respondent from any obligation to respond to this Court's Order to Show Cause.

**SO ORDERED.**

ENTERED:  October 27, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT